**GUANGMOU LIN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 06–4345–ag.

United States Court of Appeals, Second Circuit.

June 29, 2007.

Theodore N. Cox, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Aviva L. Poczter, Senior Litigation Counsel; Vanessa O. Lefort, Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Guangmou Lin, a native and citizen of China, seeks review of an August 28, 2006 order of the BIA affirming the March 21, 2005 decision of Immigration Judge ("IJ") Sarah Burr, denying petitioner's application for asylum, withholding of

removal, and Convention Against Torture ("CAT") relief. *In re Lin, Guangmou,* No. A 97 391 571 (B.I.A. Aug. 28, 2006), *aff'g* No. A 97 391 571 (Immig. Ct. N.Y. City Mar. 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005).

As a preliminary matter, Lin did not properly exhaust any challenge to the denial of his CAT claim by raising arguments to the BIA or to this Court. Thus, this Court cannot consider any such challenge. 8 U.S.C. § 1252(d)(1); *see also Lin Zhong v. Dep't of Justice,* 480 F.3d 104 (2d Cir. 2007); *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir. 2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

We conclude that many of the IJ's findings that portions of Lin's testimony were implausible are supported by substantial evidence in the record, particularly those relating to the circumstances of his wife's alleged abortion and Lin's wife's destruction of the original of a certificate purportedly confirming that abortion as well as the use of an intrauterine device ("IUD"). To the extent the IJ pointed to Lin's demeanor to support the adverse credibility finding, this Court defers to the IJ's assessment. *See Zhou Yun Zhang,* 386 F.3d at 73. Thus, although some of the IJ's findings of implausibility arguably were speculative, we can comfortably predict the IJ would adhere to the same decision were the case remanded. *See Xiao Ji Chen,* 471 F.3d at 335.

Lin challenges the IJ's reliance on a consular investigation's finding that the abortion and IUD certificates that Lin presented were fraudulent. Assuming without deciding that the IJ erred in relying on the consular report submitted by the Government in this case, no remand is warranted because we can confidently predict from the other substantial evidence identified that the IJ would reach the same adverse credibility determination upon remand, even absent that report. *See Xiao Ji Chen,* 471 F.3d at 335. Accordingly, we deny Lin's petition for review of the IJ's denial of his application for asylum.

Because the IJ's adverse credibility finding was supported by substantial evidence, the IJ's denial of withholding was also appropriate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request

for oral argument in this petition is DE-NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).